UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RANDALL HOLLIS,** | ] |
| Plaintiff, | ] |
| vs. | ]   CV 07-J-2032-S |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter is before the court on the record and briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on November 14, 2005 (R. 51-52, 151-153), alleging an inability to work since October 13, 2005 due to injuries sustain from a car and the resulting amputation of his right leg above the knee (R. 73-74, 94-100). The applications were denied initially (R. 39-43, 156-160) and again by an Administrative Law Judge on July 23, 2007 (R. 11-20). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 3-5).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir.1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The evidence before the court reveals that the plaintiff does suffer from ongoing problems from pain caused by his prosthesis, but the physical therapy records and consultative examination report of Dr. Bruce W. Romeo do not support the level of limitation that either the plaintiff or consultative examiner Dr. Jack Zaremba assert. In considering the appropriate limitations for the plaintiff's abilities, the ALJ included limitations greater than those in the opinion of Dr. Romeo. The ALJ specifically found that the medical records contain nothing which supports a level of pain at the severity the plaintiff alleges (R. 18).

In the Physical Activities Questionnaire completed by plaintiff, he wrote that he could sit for "hours" (R. 67). The plaintiff's physical therapist opined that the plaintiff could not return to his past work, but could walk independently with his cane (R. 110). He further stated that the plaintiff had continued balance deficits which necessitated the continued use of his cane (R. 110). Further records reflect he can walk without a cane with minimal supervision and was encouraged to walk more without his cane (R. 111). The plaintiff was discharged from physical therapy in July 2006 because he met all goals (R. 112).

Although Dr. Zaremba reported that the plaintiff can only spend 1 to 2 hours a day walking and 3-4 hours a day sitting (R. 149), this is contradicted by the plaintiff's own testimony. At his hearing, the plaintiff testified that after he sits for a while he must adjust his prosthesis when he rises (R. 173-175), but can sit for two or three hours at a time before his leg hurts (R. 186-187). Then he must get up and move around (R. 187). He stated that the prosthesis does hurt after wearing it a while (R. 175-176). He takes Advil, Tylenol, or Motrin for pain (R. 176, 187). The plaintiff testified that he could drive, but has no car (R. 183). He will walk for an hour in his neighborhood (R. 184).

At the hearing, the ALJ asked the vocational expert (VE) whether an individual such as the plaintiff, who could lift and carry 10 pounds occasionally, lift and carry five pounds frequently, stand and walk two hours out of an eight hour day and sit for six hours out of an eight hour day, with regular breaks, with no work around unprotected heights or moving equipment, no ladders, ropes, or scaffolding, no balancing, and no push/pulling of the lower extremities, could perform any work in the national economy (R. 195-196). The VE responded that a significant number of security positions fit these limitations (R. 196).

The plaintiff argues that the ALJ should have considered the findings of Dr. Zaremba, including those based on the plaintiff's subjective statements regarding pain. Plaintiff's memorandum at 9. The court finds that the ALJ considered the opinion of Dr. Zaremba and his conclusions regarding the plaintiff's pain, but rejected them because they were contradicted by all of the other evidence in the record (R. 17). The court may not reweigh this evidence.

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 7th day of May, 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE